## 24674.  MAYES v. STATE BOARD OF CORRECTIONS et al.

MOBLEY, Justice.  The appeal is from a judgment denying the application for writ of habeas corpus filed by the appellant, who is serving a six-year sentence for robbery by snatching. Enumerated as error is that: (1) he was denied the privilege and benefit of counsel of his choice; (2) that he was induced by hope or fear and ignited by hope of lesser punishment to enter a plea of guilty; and (3) that the court erred in denying his application for writ of habeas corpus.  *Held:*

1. (a)  The basis of the appellant's contention that he was denied benefit of counsel of his choice, in violation of his rights under the Federal and State Constitutions, is that he was booked by police, when arrested and placed in jail, under the

name of Richard Cook which name he gave the officers, and that the attorney who was employed by his mother to represent him was not able to locate him in jail under his true name, Errie Mayes. The trial court, after hearing evidence in the habeas corpus proceeding, found as a matter of fact that the contentions of the appellant that he was unknown at all times by his proper name, and that there was concealment of the appellant, were without evidence to support them; and further found that the public records of the court adequately disclosed the appellant's true name, and with diligence information from these records could have been acquired by any attorney or member of the public. Without recounting this evidence, it is sufficient to state that the evidence amply supports the court's findings. There is no merit in the contention that the appellant was concealed from counsel employed by his mother to represent him. His right to counsel of his choice was not denied him.

(b) The record supports the findings of the court that the appellant accepted the counsel appointed by the court, made no protest thereto, and that he was represented by proper and competent counsel.

2. There is no merit in the second enumeration of error, that the appellant was induced by hope or fear, and ignited by hope of lesser punishment, to enter a plea of guilty. The record discloses that at the time of the commission of this crime the appellant was serving a probated sentence for robbery by snatching; and, except for his statement that he found the wallet he had in his hand when arrested, the evidence shows without contradiction that he snatched the wallet from a truck driver, who was running after him when the police stopped him. The attorney who represented him testified that he talked to the assistant solicitor general, who agreed to recommend a sentence of six years. He then talked to the appellant for quite some time, told him "what could be done and what couldn't be done, what his chances were on trial, what a jury would do, what they may do and what they may not do and what the judge could do or couldn't do, if he wanted to try it without a jury . . ." and that he "left the decision up to him." The appellant responded by asking whether his sentence could run concurrently with the sentence he was then serving on probation. His attorney said he would find out, and he went back to the assistant solicitor,

who agreed for the sentences to run concurrently. There is no evidence contradicting this testimony. There is no evidence whatever that the attorney induced the defendant to plead guilty. However, his attorney, under the facts of this case, could very properly have advised him that he did not have a chance of acquittal; that, if he were convicted, he might get twenty years, to run consecutively to his probated sentence, which would be revoked upon conviction; and that in his opinion it was advisable for him to plead guilty and take a sentence of six years. This would have been good advice in this case, as the State's evidence was overwhelming and would most likely have resulted in a conviction, and possibly a longer sentence than six years.

3. The court did not err in denying the writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 11, 1968—DECIDED JULY 2, 1968.

*B. Hugh Ansley,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw,* for appellees.